CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 2 5 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Tay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 6:99cr70054-13 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GREGG E. PARKER, | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Defendant Gregg E. Parker, a federal inmate proceeding pro se, has filed a document wherein he seeks to "recall" the final judgment in his criminal case, "re-open" the sentencing hearing, and withdraw his guilty plea, which the court construed as a motion to withdraw his guilty plea. In his motion, he claims that he received ineffective assistance of counsel; that counts in his original plea were charged, but yet later dismissed; that the government breached the plea agreement; that the state failed to provide equal protection; "misappropriation of policy"; and "lack of jurisdiction." The government filed a motion to dismiss.

### I.

On April 10, 2000, Parker pled guilty to conspiring to distribute cocaine base and carrying a firearm during a drug trafficking crime. On July 14, 2000, the court sentenced him to a total of 210 months imprisonment. Parker did not appeal that judgment. Parker did file a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 on August 14, 2002. However, the court dismissed his motion as untimely filed. See Civil Action No. 7:02cv00907. Parker then filed another motion pursuant to § 2255 on November 9, 2005, which was dismissed as successive. See Civil Action No. 7:05cv00690.

### II.

Rule 11(e) of the Federal Rules of Civil Procedure stipulates that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty." Furthermore, a guilty plea may only be

set aside on direct appeal or collateral attack. Id. As Parker never timely filed a direct appeal or collateral attack of his sentence, the court cannot now permit him to withdraw his guilty plea.

### III.

For the reasons stated herein, the court will grant the government's motion to dismiss and deny defendant's motion to withdraw his guilty plea.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the defendant.

**ENTER:** This 25th day of June, 2007.

Norman K. Moon
United States District Judge